## Case No. 6,191.

### In re HASKELL.

[4 N. B. R. 558 (Quarto, 181).] 1

District Court, E. D. Michigan. March 9, 1871.

BANKRUPTCY—PARTIES—IRRELEVANT ISSUES.

Where the questions certified to a United States district judge in bankruptcy only contain abstract questions, and do not arise in the course of the bankruptcy proceedings, or upon the result of such proceedings, and are certified in behalf of a person who is not a party in the bankrupt court. such questions not being certified as authorized by the act, they will be returned undecided, for the reason that a decision on them would be of no force or effect.

1 [Reprinted by permission.]

By the Register: I, Benjamin J. Brown, one of the registers of said court in bankruptcy, do hereby certify, that in the course of the proceedings in said matter before me, certain questions arose pertinent to the said proceedings, and were, with the facts upon which the same are based, stated and agreed to by the opposing parties, to wit: by Marston and Hatch, attorneys for John Oliver, and Solomon B. Bliss, for assignee, which statement is hereto annexed.

Upon the first question presented, viz. is it necessary that a mortgage creditor should · prove his debt before making application for leave to sell the mortgaged premises? there has been a decision of this court, to the effect that such proof is not necessary. In re High [Case No. 6,473]. But the subsequent practice has not been uniform, I understand, and the question is, therefore, certified for ·the opinion of the court. The proving of the claim, in such a case, does not seem to the undersigned to be either necessary or proper. First. Because the nature, amount, and consideration of the debt, and all particulars respecting the same, can be equally well verified by the petition, of which the assignee should have notice, and in case of dispute can be determined upon the hearing. Second. If a formal proof of claim is made and filed, the question will arise whether it should be recognized by the register on the final dividend, if the sale has not then been made. A general survey of the provisions of the bankrupt act [of 1867 (14 Stat. 517)] confirms this opinion. While the act·vests in the district court the power to regulate the time when mortgaged premises may be sold "so as to secure the rights of all parties, and due distribution of the assets among all the creditors" (section 1), it does not assume to deprive the state courts of jurisdiction, or to say that the "manner of sale according to the terms of the decree" shall be interfered with. The sale, under a decree of a state court, in nowise connects itself with proof of the claim, unless the mortgagee submits to the jurisdiction of the district court, and seeks to make such proof; and the court should, under section 20, "direct" the sale to be made in such "manner." But section 20 contemplates a summary proceeding, a sale under the direction of the district court, not by virtue of the decree of a state court, and unless the property is so sold, the creditor cannot prove "any part of his debt." If, then, the court does not "direct" the manner of sale, but permits the sale to be made at such time as may appear to be most advantageous to the great body of creditors, the provisions of the act relative to proof of debts would not appear applicable to the case under consideration. I think the application for leave to sell will be reasonable if made at any time before decree. Third. I am of opinion that leave of the court should in all cases be applied for, and that the assent of the assignee is not sufficient. The records of the court should show that the

sale is authorized from considerations of public policy, if for no other reason.

To Hon. Benj. J. Brown, Register in Bankruptcy:

The undersigned respectfully ask you to certify the following questions to the district court of said district for its decision thereon: First. Is it necessary that the mortgage creditor hereinafter mentioned, should prove his debt before making application for leave to sell mortgaged premises? Second. Will an application made at any time before decree in the cause hereinafter mentioned be reasonable? Third. If the assignee assents to a sale of the premises hereinafter mentioned, being made under such decree, is any action of the said district court necessary to make such sale valid, and to cut off any right of redemption? The following are the facts upon which such questions arise: On the 1st day of September, 1868, said Stephen V. Haskell, being indebted to John Oliver in the sum of one thousand dollars, executed and delivered his promissory note therefor to said Oliver, due one year after date; and further, to secure said indebtedness, said Haskell executed and delivered to said Oliver a mortgage upon the following described piece or parcel of land situated in Iosco county, state of Michigan, to wit: Lot No. three (3) in block No. four (4) in the village of Tawas City, Michigan, according to the recorded plat of said village. Said mortgage was duly recorded in the office of the register of deeds for Iosco county, on the 29th day of September, 1868. On the 22d day of October, 1870, said Oliver filed his bill in the circuit court for the county of Iosco, in chancery, praying that said mortgage might be foreclosed, and the premises sold to satisfy said mortgage. The said bankrupt and the assignee in bankruptcy were made parties defendant to said bill. There are other mortgages on said property given subsequent to the mortgage to Oliver, and the amount of such mortgages exceeds the value of said property. The value of the premises is about fifteen hundred dollars.

Marston & Hatch, for Oliver.
Solomon B. Bliss, for assignee, etc.

LONGYEAR, District Judge. The "point or matter" above certified, does not appear to have arisen "during the proceedings before the register" or "in the course of such proceedings, or upon the result of such proceedings," within the meaning of section 6 of the bankrupt act. Neither is it a statement of "any question or questions in a special case" within the meaning of said section. Neither is Oliver, for whose benefit the opinion of the district judge is sought, a "party" to the bankruptcy proceedings, nor to any proceedings whatever commenced and pending before the register. The questions certified are really nothing more than abstract questions; and, instead of being questions arising in the course of any proceedings in the bankrupt court, or upon the result of any such proceedings, they, in fact, relate merely to proceedings in a suit in another and different court, and are certified in behalf of a person, who, although a party to such latter proceedings, is not a party to any proceedings in the bankrupt court. It may be said that the questions agreed on and stated make "a special case" within the meaning of section 6. But this is not the provision of the section. It is not that parties may make a special case, but it is that they may "state any question or questions in a special case." There must, of course, be, first, parties, and, second, a case in which questions can arise and be stated. Here both of these elements are wanting. Questions are to be decided only when they necessarily arise, and are not to be anticipated. If Oliver had proved his debt (as a secured debt, of course), and thus became a party to the bankruptcy proceedings, and had then applied for leave to sell the mortgaged property, and thus have made a special case, there is no doubt that questions arising therein might be stated by consent, and be properly certified; but I do not see how it could be done, short of this, under the law.

See In re Frizelle [Case No. 5,133]; In re Wright [Id. 18,069]; In re Sturgeon [Id. 13,-564]; In re Bray [Id. 1,818]. The questions certified not being authorized by the act to be certified, a decision upon them would be coram non judice, and, of course, of no force or effect, and they are, therefore, returned undecided.